# EXHIBIT 1




**DISTRICT COURT**
**FILED**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

OCT 13 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| (1) KENTON RUMERY, an individual, | ) |
| Plaintiff, | ) CJ-2014-03878 |
| v. | ) Hon. __Linda Morrissey__ |
| (1) AMERICAN TRAVELERS INSURANCE COMPANY a Domestic For Profit Corporation Insurance, | ) ATTORNEY'S LIEN CLAIMED |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## PETITION

**COMES NOW** Plaintiff, Kenton Rumery ("Plaintiff") an individual, by and through his attorney and counselor of record, Ryan S. Childress of the Law Office of Jeff Martin & Associates, and pleads the following causes of action against the above-named Defendant, American Travelers Insurance Company, a domestic for profit corporation insurance, ("Defendant"), and respectfully informs the Court as follows:

### JURISDICTION & VENUE

1. Plaintiff is a resident of Skiatook, Osage County, State of Oklahoma.

2. Upon information and belief, Defendant is a domestic for profit business corporation registered with the Oklahoma Secretary of State and regularly conducting business in Oklahoma sufficient to establish minimum contacts within the State of Oklahoma.

3. The accident giving rise to this lawsuit occurred in Tulsa, Tulsa County, State of Oklahoma, making jurisdiction and venue of this Court both just and proper.

### FACTS

4. Plaintiff expressly incorporates by reference the statements made in paragraphs one through three above as though fully stated herein, and further pleads and alleges as follows:

1

5. On or about May 25, 2014, Plaintiff drove his 2006 Chevrolet Corvette at the intersection of Interstate Highway 169 and Interstate Highway 44.

6. Due to weather conditions on the roadway, Plaintiff's vehicle "hydroplaned," resulting in a loss of control and an ultimate crash into a concrete barrier.

7. Thankfully, Plaintiff was not injured at the time of the accident.

8. Plaintiff's vehicle sustained considerable damage as a result of the accident.

9. By way of information, Plaintiff added his Chevrolet Corvette onto his pre-existing automobile insurance policy with Defendant before the above-referenced accident.

10. According to Plaintiff's verification card, Plaintiff's vehicle was covered from September 5, 2013, until September 5, 2014.

11. Specifically, Defendant assigned to Plaintiff an insurance policy identification number of 989382633 101 1. This policy expressly insured Plaintiff's vehicle, the 2006 Chevrolet Corvette, a two-door sports car with VIN 1G1YY26U965127139.

12. In an effort to access his coverage, Plaintiff submitted a claim for loss to Defendant on May 26, 2014.

13. Plaintiff's claim was assigned claim number HVH2181. The adjuster assigned to the file was Mr. Peter Kelley ("Mr. Kelley").

14. On May 27, 2014, Mr. Kelley informed Mr. Rumery that the claim was denied as his automobile insurance policy had expired.

15. Unknown to Plaintiff, his insurance premiums had increased by $146.00.

16. According to Mr. Kelley, Defendant mailed two notices (one in March, one in April) advising Plaintiff that if payment was not made by May 15, 2014, his policy would be cancelled.

17. Previously, Plaintiff's local Travelers Agent, Jenny Coates ("Ms. Coates"), would contact him regarding notices she received and increases in premiums. This event occurred for Plaintiff's home owner's policy. Ms. Coates received a notice of a premium increase, she contacted Plaintiff, and Plaintiff paid the increased premium amount.

18. Plaintiff contacted Ms. Coates and informed her of the above events.

19. Ms. Coates informed Plaintiff that she received a cancellation notice by e-mail on May 28, 2014, three days after the motor-vehicle accident. Ms. Coates had not received notice before that date.

20. To date, despite representations of Defendant or Defendant's agents to the contrary, Plaintiff never received notice of (a) the increased premium or (b) the cancellation notice. Accordingly, Plaintiff never had an opportunity to pay the increased premium before the cancellation of his policy.

21. The contact information Defendant possessed for Plaintiff was true and accurate during the time Defendant allegedly tried to notify Plaintiff of the possible policy cancellation.

22. Plaintiff has attempted pre-litigation efforts to resolve this dispute in an effort to avoid unnecessary litigation. To date, those settlement negotiations remain unsuccessful.

### First Cause of Action:
### Express Breach of Contract

23. Plaintiff expressly incorporates by reference the statements made in paragraphs one through twenty-two above as though fully stated herein, and further pleads and alleges as follows:

24. Defendant entered into an agreement with Plaintiff to insure, among other things, damage to his personal property; specifically, his 2006 Chevrolet Corvette.

3

25. By wrongfully denying insurance coverage to Plaintiff after a motor vehicle accident wherein Plaintiff's vehicle sustained damage, Defendant breached its contract of insurance with Plaintiff.

26. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has suffered property damage to his vehicle, out-of-pocket expenses associated with repair, and other financial losses that will be more particularly proven at trial.

## SECOND CAUSE OF ACTION:
### Express Breach of Contract-Good Faith and Fair Dealing

27. Plaintiff expressly incorporates by reference the statements made in paragraphs one through thirty-three above as though fully stated herein, and further pleads and alleges as follows:

28. Defendant's policy of insurance with Plaintiff insuring his 2006 Chevrolet Corvette contained a clause expressly recognizing that it owed a duty to act in good faith and reasonably in its contractual relationship with Plaintiff.

29. By failing to honor the terms of its own agreement and not notify Plaintiff of both premium increases and possible policy cancellation, Defendant has failed to act reasonably and in good faith with Plaintiff.

30. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered property damage to his vehicle, out-of-pocket expenses associated with repair, and other financial losses that will be more particularly proven at trial.

### THIRD CAUSE OF ACTION:
### Implied Breach of Contract-Good Faith and Fair Dealing

31. Plaintiff expressly incorporates by reference the statements made in paragraphs one through thirty above as though fully stated herein, and further pleads and alleges as follows:

32. The Oklahoma Supreme Court has unequivocally held that every insurer owes to its insured a duty to act reasonably and in good faith:

> The duty of an insurer to deal fairly and in good faith with its insured is governed by our decisions in *Crisci v. Security Ins. Co.* (1967) 66 Cal.2d 425, 58 Cal. Rptr. 13, 426 P.2d 173, and *Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 328 P.2d 198. We explained that this duty, the breach of which sounds in both contract and tort, is imposed because '[t]here is an implied covenant of good faith and fair dealing in every contract [including insurance policies] that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.' (*Comunale*, supra, at p. 658, 328 P.2d at p. 200.)

*Christian v. American Home Assur. Co.*, 577 P.2d 899, 904 (1977), quoting *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 510 P.2d 1032 (1973).

33. By failing to honor the terms of its own agreement and not notify Plaintiff of both premium increases and possible policy cancellation, Defendant has failed to act reasonably and in good faith with Plaintiff.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered property damage to his vehicle, out-of-pocket expenses associated with repair, and other financial losses that will be more particularly proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays for judgment against Defendant for damages <u>in excess</u> of Ten Thousand Dollars ($10,000.00) each, plus interest, costs, attorneys' fees, and any such other relief as the Court deems just and proper.

5

Respectfully submitted,

LAW OFFICE OF JEFF MARTIN & ASSOCIATES

_____
Ryan Childress, OBA #31019
1611 S. Utica, Suite 173
Tulsa, Oklahoma 74104
(o) 918.583.4165
(f) 918.583.4166

**JURY TRIAL DEMANDED.**
**ATTORNEY'S LIEN CLAIMED.**

6