## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

KENTON RUMERY,                      )
                                    )
                    Plaintiff,      )
                                    )       Case No. 15-CV-295-JED-TLW
v.                                  )
                                    )
THE TRAVELERS HOME & MARINE         )
INSURANCE COMPANY,                  )
                                    )
                    Defendant.      )

## OPINION AND ORDER

The material facts are not disputed. The defendant, The Travelers Home & Marine Insurance Company (Travelers) issued an automobile insurance policy to the plaintiff, with an effective date of September 15, 2013 through September 15, 2014. The policy initially covered a 1997 Honda Accord, a 2005 Honda Odyssey, a 2003 Honda Accord, and a 1984 AMC. On October 11, 2013, plaintiff purchased a 2006 Chevrolet Corvette, which was added to the policy on or about October 16, 2013. On October 16, 2013, plaintiff paid the annual policy premium. In February 2014, plaintiff's wife traded in the 2005 Honda Odyssey and purchased a 2014 Hyundai Sonata, and the plaintiff's insurance agent processed a request to add the Sonata to the policy and remove the Odyssey. At the time, the plaintiff knew that an additional amount would be owed as a result of the addition of the newer vehicle, as he has indicated in sworn interrogatory answers that he "tried to pay the difference" at the time of the policy change, but his agent did not know the amount and informed him that Travelers would send a bill for the difference. (Doc. 16-6 at 3, Answer to Interrogatory No. 13).

Travelers has supplied evidence that it mailed two premium invoices to the plaintiff – on February 21 and March 26, 2014 – for the $156.00 due as a result of the addition of the Sonata to

the policy.  The second invoice stated that payment was due by April 15, 2014.  Travelers has also supplied evidence that, upon nonpayment of the invoices, Travelers mailed a Notice of Cancellation on April 25, 2014, which provided that the Policy would be cancelled on May 15, 2014 if payment of the past due amount was not received by that date.  Plaintiff disputes that he ever received the invoices or Notice of Cancellation, and he testified that he has "problems getting mail" and "sometimes [his] mail ends up in somebody else's mailbox."  (Doc. 16-5 at 14 [Dep. p. 38, ll. 22-25]).

It is undisputed that the plaintiff did not pay the amount due, and that the policy was cancelled effective May 15, 2014.  On May 25, 2014, after the policy was cancelled, plaintiff was involved in a single-vehicle accident while driving his 2006 Corvette.  On May 26, 2014, plaintiff submitted a property damage claim to Travelers in relation to the accident, and he contacted Travelers regarding the claim on May 27, 2014.  Travelers notified plaintiff that the policy was cancelled due to nonpayment of premium, and Travelers denied coverage of the insurance claim.  Plaintiff then initiated suit in Tulsa County District Court, alleging breach of the insurance contract and insurance bad faith.  Upon plaintiff's request for damages in excess of $75,000.00, plus interest, costs, and attorneys' fees, Travelers removed this action based on diversity jurisdiction.

Travelers moves for summary judgment and has presented evidence and legal authorities establishing that it did not breach the insurance contract, it provided proper notice of cancellation, and it properly denied coverage on the accident claim due to policy cancellation.  The *only* issue raised by plaintiff in response is plaintiff's argument that plaintiff did not receive notice of the invoices or the policy cancellation.  However, the terms of the policy and applicable Oklahoma law both provide that proof of the mailing of a cancellation notice, rather than proof of actual receipt of the notice, is all that is required in order for the cancellation to be effective in

circumstances like those presented here.  The policy language provides that the "policy may be cancelled during the policy period" as follows:

> "We may cancel by mailing to the named insured shown in the Declarations at the address shown there . . . at least 10 days' notice . . . if cancellation is for nonpayment of premium. . . .  *Proof of mailing of any notice shall be sufficient proof of notice*."

(Doc. 16-1 at 26, 27) (emphasis added).  Similarly, Oklahoma insurance regulations provide:

> (a)    Unless otherwise provided, insurers shall give at least ten (10) days notice prior to the date of cancellation . . .

> (c)    If notice is given by mail, said notice shall be deemed to have been given on the day said notice is mailed.  Proof of mailing of the notice of cancellation . . . to the named insured at the address shown in the policy, shall be sufficient proof of notice.

Okla. Admin. Code § 365:15-1-14(a), (c).

Travelers has provided undisputed evidence that it mailed the invoices to plaintiff at his home address, by first class mail, on February 21 and March 26, 2014, and mailed the Notice of Cancellation for non-payment more than 10 days prior to the May 15, 2014 cancellation of the policy. (*See* Doc. 16-9; Doc. 20-1).  Pursuant to the insurance contract and Oklahoma law, that is sufficient proof of notice of cancellation to the plaintiff, and the plaintiff's failure to receive such notice is irrelevant.  *See* § 365:15-1-14; *see also Midwestern Ins. Co. v. Cathey*, 262 P.2d 434 (Okla. 1953) (Where policy provided that insurer may cancel by mailing written notice and that such mailing "shall be sufficient proof of notice," the court held that "the assured assumed the risk of receiving the notice when properly mailed to him at the address given in the policy" and "it would place an unreasonable and unfair burden on the company to say that notice of the cancellation must be actually delivered to the assured.  To make such a requirement would be placing additional words in the policy far beyond the actual terms of the policy agreed to by the parties.").

3

Other state and federal courts have cited *Cathey* for the proposition that an insurer's mailing of a notice of cancellation, not its actual receipt, is all that is required in order for a policy cancellation for nonpayment to be effective. For example, in *State Farm Fire & Cas. Co. v. Van Horn*, No. 97-5131, 1998 WL 58187 (10th Cir. Feb. 11, 1998) (unpublished), the insureds denied receiving notices of cancellation of a fire insurance policy for nonpayment and argued that, based on their claim of non-receipt, they had successfully rebutted the insurer's evidence that it mailed the notice. Applying Oklahoma law and citing *Cathey* and other cases, the Tenth Circuit disagreed and affirmed the district court's grant of summary judgment to the insurer based upon proper cancellation of the policy:

> Oklahoma law does not necessarily require that an insurance company prove that the insureds received notice of cancellation of a fire insurance policy. Where the insurance company strictly complied with the terms of the policy for cancellation, including mailing a notice of cancellation to the insureds at their address shown on the policy, the risk of non-receipt falls on the insureds.

*Van Horn*, 139 F.3d at *2; *see also Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 743 (Okla. Civ. App. 2008) (affirming summary judgment in favor of insurer where automobile accident claim was denied based upon prior policy cancellation that was mailed but which the claimant alleged was not received).

Based upon the foregoing, there is no genuine dispute of material fact, and Travelers is entitled to judgment as a matter of law on the plaintiff's claims. Travelers mailed the Notice of Cancellation of the automobile insurance policy to the plaintiff more than 10 days before cancellation, in accordance with the policy and Oklahoma law. Having received no payment of the premium differential by the due date identified on the notice, Travelers then cancelled the policy. As a result, Travelers properly denied the plaintiff's insurance claim on the automobile accident that occurred after the policy had been terminated.

Accordingly, the defendant's Motion for Summary Judgment (Doc. 16) is **granted**.  A separate Judgment will be entered forthwith.

SO ORDERED this 31st day of March, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE